JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Chaplin, Nia and Chaplin, Lynette

**DEFENDANTS**
The Franklin Institute, Franklin Institute EITC, LLC, Franklin Institute Research Laboratory Inc., Franklin Institute Science Museum, David Wrigley, and John Doe

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Louis B. Himmelstein
Louis B. Himmelstein & Associates
1420 Walnut St, Suite 1000
Philadelphia, PA 19102
(215) 790-9996

Attorneys *(If Known)*
Richard B. Wickersham, Jr.
Post & Schell, P.C.
1600 John F. Kennedy Blvd
Philadelphia, PA 19103
(215) 587-6612

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court |
| ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened |
| ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer |
| ☐ 8 Multidistrict Litigation - Direct File | |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S. Code § 1983
Brief description of cause:
Plaintiff alleges causes of action arising out of 42 U.S. Code § 1983

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE
November 16, 2021

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

JS 44 Reverse (Rev. 04/21)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 1830 18TH Street, Philadelphia, PA 19145 _____

Address of Defendant: _____ 222 20th Street, Philadelphia, PA 19103 _____

Place of Accident, Incident or Transaction: _____ 2000 Catherine Street, Philadelphia, PA 19146 _____

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?     Yes ☐   No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?     Yes ☐   No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?     Yes ☐   No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?     Yes ☐   No ☐

I certify that, to my knowledge, the within case ☐ is / ☐ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____     _____     _____
                          *Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*
                          Must sign here

---

**CIVIL: (Place a √ in one category only)**

**A.     Federal Question Cases:**

- ☐ 1.  Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2.  FELA
- ☐ 3.  Jones Act-Personal Injury
- ☐ 4.  Antitrust
- ☐ 5.  Patent
- ☐ 6.  Labor-Management Relations
- ☑ 7.  Civil Rights
- ☐ 8.  Habeas Corpus
- ☐ 9.  Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
       *(Please specify):* _____

**B.     Diversity Jurisdiction Cases:**

- ☐ 1.  Insurance Contract and Other Contracts
- ☐ 2.  Airplane Personal Injury
- ☐ 3.  Assault, Defamation
- ☐ 4.  Marine Personal Injury
- ☐ 5.  Motor Vehicle Personal Injury
- ☐ 6.  Other Personal Injury *(Please specify):* _____
- ☐ 7.  Products Liability
- ☐ 8.  Products Liability – Asbestos
- ☐ 9.  All other Diversity Cases
       *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Richard B. Wickersham, Jr. _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 11/16/2021     _____     49466
                     *Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*
                     Sign here if applicable

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

## IN THE UNITED STATES DISTRICT COURT
## FOR EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NIA CHAPLIN and LYNETTE CHAPLIN, ) | CIVIL ACTION |
| ) | |
| Plaintiff, ) | NO. |
| ) | |
| v. ) | |
| ) | |
| THE FRANKLIN INSTITUTE, FRANKLIN ) | |
| INSTITUTE EITC, LLC, FRANKLIN ) | |
| INSTITUTE RESEARCH LABORATORY INC., ) | |
| FRANKLIN INSTITTUTE SCIENCE MUSEUM, ) | JURY TRIAL DEMANDED |
| DAVID WRIGLEY, SCHOOL DISTRICT OF ) | |
| PHILADELPHIA and JOHN DOE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

### NOTICE OF REMOVAL

Defendants, The Franklin Institute, Franklin Institute EITC, LLC, Franklin Institute Research Laboratory Inc., Franklin Institute Science Museum and David Wrigley (hereinafter "Petitioning Defendants"), by and through their attorneys, Post & Schell, P.C., hereby remove the above-captioned action which is presently pending in the Court of Common Pleas of Philadelphia County to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C.§1441 and 1446, based on federal question jurisdiction under 28 U.S.C.§1331. The grounds for removal are as follows:

### I.     INTRODUCTION/BACKGROUND/REMOVED CASE

1.      On or about October 25, 2021, Plaintiffs, Nia Chaplin and Lynette Chaplin (hereinafter "Plaintiffs"), filed a Complaint for damages in the Court of Common Pleas of Philadelphia County. A true and correct copy of the Complaint is attached hereto as Exhibit "A".

2.      The Complaint names Petitioning Defendants, the School District of Philadelphia, and a fictitious entity, John Doe, as Defendants.

3.      This litigation arises out of an alleged science demonstration accident leading to an eye injury suffered by Plaintiff, Nia Chaplin (hereinafter "Nia"), on December 2, 2019, at her school – the Chester A. Arthur School on 2000 Catherine Street, Philadelphia, PA, 19146.

## II.      REMOVAL IS TIMELY

4.      Plaintiffs served Petitioning Defendants with a copy of the Complaint on or after October 28, 2021. This formal Notice of Removal is being filed within thirty (30) days of service, as required under the law. See Murphy Bros. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48 (1999).

5.      Therefore, removal is timely under 28 U.S.C. §1446(b).

## III.      VENUE IS PROPER

6.      The United States District Court for the Eastern District of Pennsylvania is the "district and division" that embraces the place, i.e., the Court of Common Pleas of Philadelphia County, where this action is pending.

7.      Therefore, venue is proper under 28 U.S.C. §1441(a).

## IV.      FEDERAL JURISDICTION EXISTS UNDER 28 U.S.C. §1331 (FEDERAL QUESTION JURISDICTION)

8.      This action is within this Court's original jurisdiction in accordance with 28 U.S.C. §1331 because Plaintiffs assert causes of action which arise under federal statute. *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (internal quotation marks omitted) ("a suit arises under the law that creates the cause of action"); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("[F]ederal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.").

9.      In particular, Plaintiffs allege that all of the Defendants to the instant litigation violated her rights, privileges, and immunities in ways which were purportedly in violation of 42 U.S.C. § 1983.

10.     Moreover, Plaintiffs bring ancillary state-law claims under theories of negligence, premises liability, negligent infliction of emotional distress, and loss of filial consortium.  See Complaint at ¶¶ 37-92.  As plead, Williams's federal and state-law claims all derive from a "common nucleus of operative fact"—the purported science demonstration accident, which allegedly resulted in the minor-Nia's eye injury.  City of Chi. v. Int'l College of Surgeons, 522 U.S. 156, 164-65 (1997) (internal quotation marks omitted); Hartman v. Univ. of Maryland at Baltimore, 595 F. App'x 179 (4th Cir. 2014); see Complaint at ¶¶ 37-92 (basing each of Plaintiffs' claims on Defendants' alleged complicity in causing Nia's eye injury).

11.     Thus, in accord with the above-cited cases and the Complaint, as plead, Plaintiffs' state-law claims are "so related" to Plaintiff's 42 U.S.C. § 1983 claims that "they form part of the same case or controversy under Article III of the United States Constitution" and fall within this Court's supplemental jurisdiction.  28 U.S.C. § 1367(a).

12.     For these reasons, this Court has original and supplemental jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367.

## V.     RULE OF UNANIMITY/CONSENT REQUIREMENT

13.     The statute governing removal, 28 U.S.C. § 1446, "has been construed to require that when there is more than one defendant, all must join in the removal petition...." Lewis v. Rego Co., 757 F.2d 66, 68 (3d Cir. 1985) (citation omitted).

14. The requirement that all defendants agree to the removal is known as the "rule of unanimity" or the "unanimity rule." Balazik v. County of Dauphin, 44 F.3d 209, 213 n.4 (3d Cir. 1995).

15. A defendant may establish unanimity either by jointly filing the notice of removal or by separately obtaining consent to removal. Weinrach v. White Metal Rolling & Stamping Corp., 1999 U.S. Dist. LEXIS 168, at *2 (E.D. Pa. 1999) (citing Balazik, supra.).

16. For consent to be effective, it must be expressed in writing and timely made by all served defendants. 28 U.S.C. § 1446(b)(2)(A); see also The Knit With v. Aurora Yarns, 2010 U.S. Dist. LEXIS 22592, at * 31 (E.D. Pa. 2010); see also Ogletree v. Barnes, 851 F. Supp. 184, 190 (E.D. Pa. 1994).

17. Here, the only other non-fictitiously named Defendant besides Petitioning Defendants, the School District of Philadelphia, has consented in writing to the removal of this action. See School District of Philadelphia Consent to Removal, attached hereto as Exhibit "B."

## VI. CONCLUSION

18. The instant civil action satisfies the requirements of federal question jurisdiction under 28 U.S.C. § 1331 insofar as the instant litigation involves claims arising under federal law.

19. This Notice of Removal, and related papers, are timely under 28 U.S.C. § 1446(b) because they have been filed within thirty (30) days' notice of service of the Complaint.

20. Petitioning Defendants will also hereafter file copies of this Notice of Removal, and related papers, with the Clerk of the Court of Common Pleas, Philadelphia County, in order to effect removal of this action pursuant to 28 U.S.C. § 1446(d).

21. Simultaneous with the filing of this Notice of Removal, Petitioning Defendants have served a copy of the Notice upon the Plaintiffs (via counsel).

4

**WHEREFORE**, pursuant to 28 U.S.C. § 1441, et seq., and § 1446, et seq., Petitioning Defendants, The Franklin Institute, Franklin Institute EITC, LLC, Franklin Institute Research Laboratory Inc., Franklin Institute Science Museum and David Wrigley, respectfully request that the above-captioned matter now pending in the Court of Common Pleas, Philadelphia County, be removed to the United States District Court for the Eastern District of Pennsylvania.

Dated: November 10, 2021

**POST & SCHELL, P.C.**

By: _____

Richard B. Wickersham, Jr., Esquire
Isaac Berhane, Esquire

Attorneys for Defendants,
The Franklin Institute, Franklin Institute
EITC, LLC, Franklin Institute Research
Laboratory Inc., Franklin Institute Science
Museum and David Wrigley

Four Penn Center
13th Floor
1600 John F. Kennedy Boulevard
Philadelphia, PA 19103
(215) 587-6612

rwickersham@postschell.com

**EXHIBIT A**

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

| For Prothonotary Use Only (Docket Number) |
|---|
| **OCTOBER 2021** |
| E-Filing Number: 2110047607 |

**001928**

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| NIA CHAPLIN | THE FRANKLIN INSTITUTE |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 1830 S. 18TH STREET<br>PHILADELPHIA PA 19145 | 222 NORTH 20TH STREET<br>PHILADELPHIA PA 19103 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| LYNETTE CHAPLIN | FRANKLIN INSTITUTE EITC, LLC |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 1830 S. 18TH STREET<br>PHILADELPHIA PA 19145 | 222 NORTH 20TH STREET<br>PHILADELPHIA PA 19103 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | FRANKLIN INSTITUTE RESEARCH LABORATORY INC. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 222 NORTH 20TH STREET<br>PHILADELPHIA PA 19103 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 2 | 7 | [X] Complaint   [ ] Petition Action   [ ] Notice of Appeal<br>[ ] Writ of Summons   [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| [ ] $50,000.00 or less<br>[X] More than $50,000.00 | [ ] Arbitration<br>[X] Jury<br>[X] Non-Jury<br>[ ] Other: | [ ] Mass Tort<br>[ ] Savings Action<br>[ ] Petition | [ ] Commerce<br>[ ] Minor Court Appeal<br>[ ] Statutory Appeals | [ ] Settlement<br>[ ] Minors<br>[ ] W/D/Survival |

CASE TYPE AND CODE

20 - PERSONAL INJURY - OTHER

STATUTORY BASIS FOR CAUSE OF ACTION

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | **FILED**<br>**PRO PROTHY**<br><br>OCT **25** 2021<br><br>**S. RICE** | IS CASE SUBJECT TO COORDINATION ORDER?<br>YES    NO |
|---|---|---|

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: <u>NIA CHAPLIN , LYNETTE CHAPLIN</u>

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| LOUIS B. HIMMELSTEIN | LOUIS B HIMMELSTEIN&ASSOCIATES<br>1420 WALNUT ST |

| PHONE NUMBER | FAX NUMBER | SUITE 1000 |
|---|---|---|
| (215)790-9996 | (215)790-9055 | PHILADELPHIA PA 19102 |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 41140 | lawyers@himmelsteinlawoffices.com |

| FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| IMMELSTEIN | Monday, October 25, 2021, 12:03 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

## COMPLETE LIST OF DEFENDANTS:

1. THE FRANKLIN INSTITUTE
   222 NORTH 20TH STREET
   PHILADELPHIA PA 19103
2. FRANKLIN INSTITUTE EITC, LLC
   222 NORTH 20TH STREET
   PHILADELPHIA PA 19103
3. FRANKLIN INSTITUTE RESEARCH LABORATORY INC.
   222 NORTH 20TH STREET
   PHILADELPHIA PA 19103
4. FRANKLIN INSTITUTE SCIENCE MUSEUM
   222 NORTH 20TH STREET
   PHILADELPHIA PA 19103
5. DAVID WRIGLEY
   222 NORTH 20TH STREET
   PHILADELPHIA PA 19103
6. SCHOOL DISTRICT OF PHILADELPHIA
   440 NORTH BROAD STREET
   PHILADELPHIA PA 19130
7. JOHN DOE
   123 MAIN STREET
   ANYWHERE PA 00000

**LOUIS B. HIMMELSTEIN & ASSOCIATES, P.C.**
By: LOUIS B. HIMMELSTEIN, ESQUIRE
ID: 41140
By: MARK WESOSKI, ESQUIRE
ID# 60296
1420 Walnut Street-Suite 1000
Philadelphia, PA 19102
(215) 790-9996
ATTORNEY FOR PLAINTIFF



Filed and Attested by the
Office of Judicial Records
25 OCT 2021 12:03 pm
S. RICE

Nia Chaplin, a minor, by her parent
and natural guardian, Lynette Chaplin
1830 S. 18th Street, Philadelphia, PA 19145
        and
Lynette Chaplin
1830 S. 18th Street, Philadelphia, PA 19145
        vs.
The Franklin Institute
222 North 20th Street
Philadelphia PA 19103
        and
Franklin Institute EITC, LLC
222 North 20th Street
Philadelphia, PA 19103
        and
Franklin Institute Research Laboratory Inc.
222 North 20th Street
Philadelphia, PA 19103
        and
Franklin Institute Science Museum
222 North 20th Street
Philadelphia, PA 19103
        and
David Wrigley
222 North 20th Street
Philadelphia, PA 19103
        and
School District of Philadelphia
440 North Broad Street
Philadelphia, PA 19130
        and
John Doe
123 Main Street
Anywhere USA 00000

**COURT OF COMMON PLEAS
PHILADELPHIA COUNTY**

TERM, 2021

No.:

**Civil Action Complaint**

NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUR WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA BAR ASSOCIATION
Lawyer Referral and Information Service
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-6333

AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) días de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte pueda decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiendades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASOCIACION DE LICENCIADOS DE FILADELFIA
Servicio De Referencia E Informacion Legal
One Reading Center, Filadelfia, Pennsylvania 19107
(215)238-6333

Case ID: 211001928

**LOUIS B. HIMMELSTEIN & ASSOCIATES, P.C.**
By: LOUIS B. HIMMELSTEIN, ESQUIRE
ID: 41140
By: MARK WESOSKI, ESQUIRE
ID# 60296
1420 Walnut Street-Suite 1000
Philadelphia, PA 19102
(215) 790-9996
ATTORNEY FOR PLAINTIFF

| | |
|---|---|
| Nia Chaplin, a minor, by her parent and natural guardian, Lynette Chaplin 1830 S. 18th Street, Philadelphia, PA 19145      and Lynette Chaplin 1830 S. 18th Street, Philadelphia, PA 19145      vs. The Franklin Institute 222 North 20th Street Philadelphia PA 19103      and Franklin Institute EITC, LLC 222 North 20th Street Philadelphia, PA 19103      and Franklin Institute Research Laboratory Inc. 222 North 20th Street Philadelphia, PA 19103      and Franklin Institute Science Museum 222 North 20th Street Philadelphia, PA 19103      and David Wrigley 222 North 20th Street Philadelphia, PA 19103      and School District of Philadelphia 440 North Broad Street Philadelphia, PA 19130      and John Doe 123 Main Street Anywhere USA 00000 | **COURT OF COMMON PLEAS PHILADELPHIA COUNTY** <br><br> TERM, 2021 <br><br> No.: <br><br> **Civil Action Complaint** |

## C O M P L A I N T

     **COMES NOW**, Plaintiffs, **Nia Chaplin** and **Lynette Chaplin**, by and through their counsel,

Louis B. Himmelstein & Associates, P.C., and claims damages of the Defendants, individually, jointly

and/or severally, upon a cause of action whereof the following is a statement:

Case ID: 211001928

1.      Plaintiff, **Nia Chaplin,** is a minor individual, resident and citizen of the City of Philadelphia, Commonwealth of Pennsylvania, residing at the above captioned address, and at all times relevant herein, Plaintiff, **Nia Chaplin,** was caused to sustain serious and permanent orthopedic and neurological injuries when she was struck in the head and eye due to the conduct of Defendants.

2.      Plaintiff, **Lynette Chaplin,** is an adult individual, resident and citizen of the City of Philadelphia, Commonwealth of Pennsylvania, residing at the above captioned address, and at all times relevant herein, Plaintiff, **Lynette Chaplin,** was and is the parent and natural guardian of co-Plaintiff, **Nia Chaplin**.

3.      Defendant, **The Franklin Institute,** (hereinafter also referred to as Defendant(s)) is a corporation, partnership, limited liability corporation and/or other business entity which regularly conducts business in the City of Philadelphia, Commonwealth of Pennsylvania, and at all times herein material it did own, and/or possess, and/or control, and/or maintain, lease and/or perform teaching/education services and/or assemblies at 2000 Catharine Street, Philadelphia, PA, and it is believed and therefore averred that Defendant did have employees, agents, servants and/or workmen that were involved in the incident more particularly described hereinafter.

4.      Defendant, **Franklin Institute EITC, LLC,** (hereinafter also referred to as Defendant(s)) is a corporation, partnership, limited liability corporation and/or other business entity which regularly conducts business in the City of Philadelphia, Commonwealth of Pennsylvania, and at all times herein material it did own, and/or possess, and/or control, and/or maintain, lease and/or perform teaching/education services and/or assemblies at 2000 Catharine Street, Philadelphia, PA, and it is believed and therefore averred that Defendant did have employees, agents, servants and/or workmen that were involved in the incident more particularly described hereinafter.\

5.      Defendant, **Franklin Institute Research Laboratory Inc.,** (hereinafter also referred to as Defendant(s)) is a corporation, partnership, limited liability corporation and/or other business entity which regularly conducts business in the City of Philadelphia, Commonwealth of Pennsylvania, and at all times herein material it did own, and/or possess, and/or control, and/or maintain, lease and/or perform

teaching/education services and/or assemblies at 2000 Catharine Street, Philadelphia, PA, and it is believed and therefore averred that Defendant did have employees, agents, servants and/or workmen that were involved in the incident more particularly described hereinafter.

6.      Defendant, **Franklin Institute Science Museum,** (hereinafter also referred to as Defendant(s)) is a corporation, partnership, limited liability corporation and/or other business entity which regularly conducts business in the City of Philadelphia, Commonwealth of Pennsylvania, and at all times herein material it did own, and/or possess, and/or control, and/or maintain, lease and/or perform teaching/education services and/or assemblies at 2000 Catharine Street, Philadelphia, PA, and it is believed and therefore averred that Defendant did have employees, agents, servants and/or workmen that were involved in the incident more particularly described hereinafter.

7.      Defendant, **David Wrigley,** (hereinafter also referred to as Defendant(s)) is an adult individual, resident and citizen of the Commonwealth of Pennsylvania, and at all times herein material, was an employee, agent, servant, and/or workman of the Defendants, **The Franklin Institute** and/or **Franklin Institute EITC, LLC** and/or **Franklin Institute Research Laboratory Inc.,** and/or **Franklin Institute Science Museum**, and Defendant did perform teaching/education services and/or assemblies at 2000 Catharine Street, Philadelphia, PA and was involved in the incident more particularly described hereinafter.

8.      Defendant, **School District of Philadelphia,** (hereinafter also referred to as Defendant(s)) is a corporation, limited liability corporation, school, local agency, government body and/or other entity which regularly conducts business in the City of Philadelphia, Commonwealth of Pennsylvania, and at all times herein material it did own, and/or possess, and/or control, and/or maintain, lease and/or perform teaching/education services at 2000 Catharine Street, Philadelphia, PA, and it is believed and therefore averred that Defendant did have employees, agents, servants and/or workmen that were involved in the incident more particularly described hereinafter.

9.      Defendant, **John Doe**, is a fictitious individual meant to represent the person involved in the incident involving student, Plaintiff, **Nia Chaplin**, and who otherwise contributed to the reckless,

Case ID: 211001928

wrongful, negligent, and/or illegal conduct complained of in this complaint which brought about the harm complained of herein. After a reasonable search, the actual name of this fictitious party is unknown. Within 20 days after the actual name of the Defendant has been identified, Plaintiff will file a motion to amend the complaint replacing the Doe designation with the actual name.

10.     At all times herein material, Defendants were either acting individually and/or on each other's, behalf and/or by and through their/its/his/his duly authorized agents, servants, workmen, bailees and/or employees all of whom were acting in the course and scope of their/his/its employment and in the furtherance of each of the Defendants' businesses and affairs.

11.     On or about December 3rd, 2019, and for a long time prior thereto, Defendants either individually, jointly and/or severally, did own, possess, manage and control actually and for their/its own business, and/or by and through its/their duly authorized agents, servants, workmen and/or employees acting within the scope of their employment and in furtherance of the business of said Defendants, a certain museum, real property, teaching institution and/or school and/or premises at and/or near 2000 Catharine Street, Philadelphia PA, including the subject classroom, assembly room, auditorium, gymnasium, lunch room, and/or common areas.

12.     On or about December 2nd, 2019, Plaintiff, **Nia Chaplin,** was an invitee and/or student at the aforesaid location, lawfully and properly upon the premises, when she was caused to be injured due to the careless, reckless and negligent conduct of each of the Defendants, either acting individually and/or by and through its/their/his/his duly authorized agents, servants, workmen and/or employees, all of whom were acting within the course and scope of their employment and authority.

13.     At all times herein material, Plaintiff, **Nia Chaplin**, was a student at Chester A. Arthur School, and was in the custody and care of the Defendants, and at the aforementioned time and location, Plaintiff, **Nia Chaplin**, was in an assembly and/or class at Defendants' school, which was presided over by each of the Defendants' employees, agents, workmen, teachers and/or servants, who were acting in the course and scope of their employment with Defendants, **The Franklin Institute** and/or **Franklin Institute**

EITC, LLC and/or **Franklin Institute Research Laboratory Inc.,** and/or **Franklin Institute Science Museum** and/or **School District of Philadelphia**.

14.     On or about December 2nd, 2019, Defendant, **John Doe** and/or **David Wrigley** and/or **The Franklin Institute** and/or **Franklin Institute EITC, LLC** and/or **Franklin Institute Research Laboratory Inc.,** and/or **Franklin Institute Science Museum**, was teaching the aforesaid assembly and/or class on Defendant, School District of Philadelphia's premises, when presenters and/or agents and/or employees of Defendants were conducting a science presentation and mixed several chemicals in a bottle and the reaction caused the bottle to shoot off, causing it to come in contact with Plaintiff's head, which did cause serious, painful and permanent vision, orthopedic and/or neurological injuries and damages.

15.     At the aforesaid time and location, Plaintiff, **Nia Chaplin,** was an invitee and student lawfully on the aforesaid premises, when Defendant, **John Doe** and/or **David Wrigley** and/or **The Franklin Institute** and/or **Franklin Institute EITC, LLC** and/or **Franklin Institute Research Laboratory Inc.,** and/or **Franklin Institute Science Museum**, carelessly, recklessly and negligently caused Plaintiff to be struck in the eye with a bottle and/or other object which caused Plaintiff to be thrown about and to sustain a serious painful and permanent injury.

16.     It is believed and therefore averred that on the aforesaid date, and for a long time prior thereto, Defendants failed to provide safety goggles and/or shields to Plaintiff or her class mates, which would have prevented and/or lessened the aforesaid injury.

17.     On or about December 3rd, 2019, and for a long time prior thereto, Defendants had a policy and/or procedure for teaching the assembly and/or class and/or science presentations without providing eye protection and/or goggles and/or shields all the while knowing that it was required for the safety of the students.

18.     It is believed and therefore averred that Defendants did not have proper and safe facilities to teach the assembly and/or class in, which caused Plaintiff, Nia Chaplin, to be struck in the eye with a bottle and/or piece of equipment and/or object.

19.    On or about December 3rd, 2019, and for a long time prior thereto, Defendants did not have proper storage space and/or cabinets and/or lockers for eye protection and/or goggles, which Defendants knew, or in the exercise of reasonable care should have known would render them unable to provide proper eye protection and/or safety equipment to students participating the aforesaid class, including Plaintiff, **Nia Chaplin**, which in turn caused Plaintiff to sustain her injuries.

20.    At all times herein material, Plaintiff, **Nia Chaplin**, was in the care and custody of the Defendants, and had no choice but to attend the aforesaid class as part of her curriculum, and further had no choice but participate in the classroom activities.

21.    Defendants knew, or in the reasonable exercise of care should have known, that the aforesaid premises and/or class and/or science presentation could not be taught in a safe and reasonable manner that would protect individuals such as Plaintiff from bodily injuries, yet knowingly, carelessly, negligently and/or recklessly chose to continue to teach it and compel students to confront the danger.

22.    Defendants individually, jointly and/or severally compelled Plaintiff, **Nia Chaplin**, to be placed in harm's way, which did cause Plaintiff to come in contact with the bottle and/or equipment and/or object causing serious, painful and permanent injuries and damages, which result was entirely foreseeable.

23.    At all times herein material, Defendants engaged in conscience shocking behavior in that they knowingly compelled students and minors to be placed in harm's way, including Plaintiff, which students they were charged with the care, custody and protection thereof.

24.    Defendants knew or in the reasonable exercise of care should have known that failing to provide eye protection and/or goggles in the subject demonstration and class posed a risk to students and/or persons such as Plaintiff.

25.    At all times herein material the subject realty was in a dangerous condition as there was inadequate room and/or shields in place presenting flying objects from striking students and/or other participants of the science presentation and/or experiment in question.

26.    At all times herein material, there did exist a dangerous condition of Defendants' realty which caused the subject incident and minor Plaintiff's injuries and damages.

27.     The Defendants' realty and class room and/or auditorium where the demonstration was held was in a dangerous condition as it was not conducive of conducting experiments and/or demonstrations such as the one conducted at the time and place of the incident.

28.     The dangerous condition of the realty consisted of the following:

a)     having a classroom which was too small under the circumstances;

b)     failing to have warning signs or other appropriate markings on the realty so experiments and/or science presentations such as the one conducted would not have taken place;

c)     failing to have shields or other barriers to prevent flying objects from hitting the students when conducting science experiments and/or demonstrations;

d)     failing to redesign the room so the same or similar demonstrations and/or science experiments could be done in a safe fashion; and/or

e)     failing to have erected a safe podium and/or barrier and/or shield and/or make other repairs or changes to the realty as disclosed in discovery as the classroom presented a dangerous condition to the students.

29.     The aforesaid incident, and minor Plaintiff's injuries, were caused solely by the carelessness, recklessness, gross negligence and negligence of the Defendants and was in no manner whatsoever due to any act or failure to act on the part of the Plaintiffs.

30.     As a sole result of the aforementioned accident caused by the careless, reckless and negligent conduct of each of the Defendants, Plaintiff, **Nia Chaplin,** has sustained serious, painful and permanent injuries, internally and externally, to her eyes, head, brain, neck, back, pelvis, chest, shoulders, arms, wrists, hands, fingers, legs, knees, ankles, and feet, and her bones, cartilages, ligaments, muscles, nerves, blood vessels and soft tissues attached thereto were fractured, herniated, wrenched, bruised, and otherwise injured including, but not limited to concussion with impaired neurological functions, bilateral exophoria, headaches, psychological problems, balance dysfunction, exercise intolerance, and oculomotor dysfunction; she suffered other serious and permanent orthopedic and neurological injuries, some or all of

Case ID: 211001928

which are or may be aggravations of pre-existing conditions, the full extent of which have not as yet been ascertained; she suffered excruciating and agonizing aches, pains and mental anguish, some or all of which are or may be permanent in nature.

31.     Further, by reason of the injuries sustained by Plaintiff, **Nia Chaplin**, she has suffered and will continue to suffer great mental anguish, physical pain, and she has been hindered and prevented from performing and engaging in her usual labor, employment, duties, occupations, household chores, and pleasures thereby resulting in a loss, depreciation and diminution of his earnings and earning capacity, all to his great and continuing detriment and loss.

32.     Furthermore, Plaintiff, **Nia Chaplin**, has required various hospital, physician and medical treatment, surgical expense and care, and consequently she has incurred hospital, physicians and medical bills and expenses in and about an effort to cure herself of the aforesaid injuries, and she shall be obliged to continue to obtain hospital and medical treatment and to make such expenditures for an indefinite time in the future, all to her great and continuing detriment and loss.

33.     As a direct and sole result of the accident, Plaintiff, **Nia Chaplin**, has or may hereinafter incur other financial expenses and/or losses, and also loss of services and earnings and other items of damage all to her great and continuing detriment and loss, and a claim for which is hereby also made.

34.     As a further result of the instant occurrence, Plaintiff, **Nia Chaplin**, has suffered an injury which is, may and shall be in full or in part, a serious impairment of and/or a permanent loss of a bodily function, a permanent serious disfigurement and/or a permanent dismemberment, which is or shall be permanent, irreparable and severe.

35.     Plaintiff, **Nia Chaplin**, avers that the carelessness, recklessness and negligence of the Defendants, individually, jointly and/or severally, consisted of the following:

      a)     mixing chemicals in a bottle and/or other object in front of students without eye protection;

      b)     causing Plaintiff to be struck in the eye by a bottle and/or object and/or other piece of equipment;

      c)     failing to provide eye protection and/or safety goggles;

d)     disregarding the rights, safety and position of the Plaintiff herein and others similarly situated;

e)     having a policy and/or procedure for teaching an assembly and/or class without providing eye protection and/or goggles;

f)     failing to have enough eye protection and/or goggles to give to the students, including Plaintiff;

g)     teaching an assembly and/or class and/or field trip for years on end without providing eye protection and/or goggles;

h)     failing to have proper storage to keep eye protection and/or goggles so as to prevent them from being lost, stolen and/or broken;

i)     failing to provide adequate warning signs;

j)     failing to warn the Plaintiff;

k)     being otherwise careless, reckless and negligent;

l)     failing to exercise due care under the circumstances;

m)     performing a dangerous procedure too close to students without eye protection;

n)     failing to properly secure the contents;

o)     instructing John Doe to teach a curriculum with dangerous activities despite not having proper safety equipment including goggles and/or eye protection;

p)     failing to use the required degree of due care for invitees such as Plaintiff;

q)     being otherwise negligent as may be more fully revealed during discovery or at the time of trial of this matter;

r)     failing to clear the area of students before mixing chemicals and/or performing the procedure;

s)     failing to properly exercise their/its duty of supervision and control;

t)     failing to properly instruct and/or train his/her/its agents, servants, workmen, employees, representatives, business associates and/or teachers;

u)     failing to follow proper protocol for teaching an assembly and/or class;

v)     striking Plaintiff with a bottle and/or object;

w)     disregarding the rights, safety, and position of the Plaintiff, and failing to use required degree of due care;

x) having a policy and/or procedure for demonstrating dangerous procedures, such as striking a tire ream and/or piece of equipment in front of students;

y) failing to close off the area prior to the accident;

z) teaching an assembly and/or class in a classroom that was too small, so as to force students to be close to the danger;

AA) failing to provide proper facilities and/or a proper class room to teach class;

BB) failing to use a different classroom;

CC) failing to purchase additional eye protection and/or goggles;

DD) failing to properly supervise his/her/its agents, servants, workmen, employees, representatives, business associates and/or teachers;

EE) failing to properly train his/its agents, servants, workmen, employees, representatives, business associates and/or teachers;

FF) knowingly running an underfunded facility;

GG) repeatedly performing dangerous procedures and/or repairs and/or lessons in front of students that did not have proper safety equipment and/or eye protection;

HH) failing to have secure signage warning students to wear safety equipment;

II) failing to have secure signage warning teachers and/or staff to follow safety procedures;

JJ) failing to warn the students to stand back;

KK) repeatedly compelling students to be in a dangerous situation;

LL) failing to teach proper safety procedures to the students;

MM) failing to instruct employees, staff, agents, and/or teachers on proper safety procedures for assemblies and/or classes;

NN) failing to supervise the school and/or institution;

OO) failing to properly fund the school and/or institution;

PP) failing to maintain the real property in a manner that would protect Plaintiff;

QQ) hiring unqualified instructors and/or employees and/or teachers;

RR) failing to provide its instructors and employees with proper training to conduct experiments such as the one conducted on the day in question;

SS)   failing to provide propre barriers and/or shields to prevent incidences such as the one that occurred on the day in question;

TT)   conducting the demonstration in an unsafe room under the circumstances;

UU)   failing to properly conduct the demonstrations and/or experiment and/or class in a safe fashion; and

VV)   causing Plaintiff to be struck and/or moved violently about during a class and/or demonstration.

36.   As a direct and sole result of the aforesaid careless, reckless, and negligence of the Defendants, Plaintiff, **Nia Chaplin** sustained serious, painful and permanent orthopedic and neurological injuries.

**WHEREFORE,** Plaintiff, **Nia Chaplin**, claims damages of the Defendants, individually, jointly and/or severally, for an amount in excess of Fifty-Thousand ($50,000.00) Dollars.

## State Claims

### COUNT I
### NIA CHAPLIN vs. THE FRANKLIN INSTITUTE

37.   Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs, as though fully set forth at length herein.

38.   As a direct and sole result of the aforesaid careless, reckless, and negligence of the Defendants, Plaintiff, **Nia Chaplin** sustained serious, painful and permanent orthopedic and neurological injuries.

**WHEREFORE,** Plaintiff, **Nia Chaplin**, claims damages of the Defendants, individually, jointly and/or severally, for an amount in excess of Fifty-Thousand ($50,000.00) Dollars.

### COUNT II
### NIA CHAPLIN vs. FRANKLIN INSTITUTE EITC, LLC

39.   Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs, as though fully set forth at length herein.

40.     As a direct and sole result of the aforesaid careless, reckless, and negligence of the Defendants, Plaintiff, **Nia Chaplin** sustained serious, painful and permanent orthopedic and neurological injuries.

**WHEREFORE**, Plaintiff, **Nia Chaplin**, claims damages of the Defendants, individually, jointly and/or severally, for an amount in excess of Fifty-Thousand ($50,000.00) Dollars.

**COUNT III**
**NIA CHAPLIN vs. FRANKLIN INSTITUTE RESEARCH LABORATORY INC,**

41.     Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs, as though fully set forth at length herein.

42.     As a direct and sole result of the aforesaid careless, reckless, and negligence of the Defendants, Plaintiff, **Nia Chaplin** sustained serious, painful and permanent orthopedic and neurological injuries.

**WHEREFORE**, Plaintiff, **Nia Chaplin**, claims damages of the Defendants, individually, jointly and/or severally, for an amount in excess of Fifty-Thousand ($50,000.00) Dollars.

**COUNT IV**
**NIA CHAPLIN vs. FRANKLIN INSTITUTE SCIENCE MUSEUM**

43.     Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs, as though fully set forth at length herein.

44.     As a direct and sole result of the aforesaid careless, reckless, and negligence of the Defendants, Plaintiff, **Nia Chaplin** sustained serious, painful and permanent orthopedic and neurological injuries.

**WHEREFORE**, Plaintiff, **Nia Chaplin**, claims damages of the Defendants, individually, jointly and/or severally, for an amount in excess of Fifty-Thousand ($50,000.00) Dollars.

**COUNT V**
**NIA CHAPLIN vs. DAVID WRIGLEY**

Case ID: 211001928

52.     At all times relevant and material hereto, Defendant, **John Doe** and/or **David Wrigley,** was acting under the direction and control of Defendants, **The Franklin Institute** and/or **Franklin Institute EITC, LLC** and/or **Franklin Institute Research Laboratory Inc.,** and/or **Franklin Institute Science Museum** and/or the **School District of Philadelphia**.

53.     At all times relevant and material hereto, Defendants, **The Franklin Institute** and/or **Franklin Institute EITC, LLC** and/or **Franklin Institute Research Laboratory Inc.,** and/or **Franklin Institute Science Museum** and/or the **School District of Philadelphia,** individually, jointly and/or severally as a matter of custom, policy and procedure:

> a)     failed to discipline the teachers, employees and/or agents for allowing students to go without safety equipment and/or eye protection while dangerous procedures and/or demonstrations were being performed;
>
> b)     promoted and/or failed to discourage policies that allowed students to go without safety equipment and/or eye protection while dangerous procedures and/or demonstrations were being performed;
>
> c)     instructed teachers and/or employees and/or agents to teach lessons and perform dangerous procedures and/or demonstrations all the while knowing the students did not have proper safety equipment and/or eye protection;
>
> d)     failed to train teachers to make sure students were wearing proper safety equipment and/or eye protection during dangerous procedures and/or demonstrations in class;
>
> e)     had a policy and/or procedure for teaching an assembly and/or class without providing eye protection and/or goggles;
>
> f)     deliberately encouraged teachers and/or agents and/or employees to conduct classes without safety equipment and/or eye protection;
>
> g)     failed to train teachers and/or agents and/or employees on the proper use of safety equipment and/or eye protection;
>
> h)     deliberately fostered an environment where students would be subject to dangerous procedures and/or demonstrations in class without proper safety equipment and/or goggles and/or eye protection;
>
> i)     failed to instruct teachers and/or agents and/or employees to intervene when students were being subjected to unsafe conditions without safety equipment and/or eye protection;

j)      failed to train teachers and/or agents and/or employees to conduct inventory
        checks so as to ascertain whether there were enough goggles and/or other forms of
        eye protection for each student.

54.    Defendants, **The Franklin Institute** and/or **Franklin Institute EITC, LLC** and/or **Franklin Institute Research Laboratory Inc.,** and/or **Franklin Institute Science Museum** and/or the **School District of Philadelphia,** intentionally continued to perpetuate such policies and practices and/or have deliberately failed to eliminate them.

55.    Defendants, **The Franklin Institute** and/or **Franklin Institute EITC, LLC** and/or **Franklin Institute Research Laboratory Inc.,** and/or **Franklin Institute Science Museum** and/or the **School District of Philadelphia,** policies, actions and/or omissions herein described directly and proximately caused Plaintiff to be deprived of known rights and privileges, including deprivation of her vision and sight, in violation of her right to substantive due process.

56.    As a direct and proximate result of the actions, policies and procedures of Defendants, **The Franklin Institute** and/or **Franklin Institute EITC, LLC** and/or **Franklin Institute Research Laboratory Inc.,** and/or **Franklin Institute Science Museum** and/or the **School District of Philadelphia**, Plaintiff has suffered and/or will continue to suffer the aforementioned injuries, which injuries were entirely foreseeable.

57.    It is believed and therefore averred that Defendants had an objective awareness of similar prior accidents and/or similar near misses.

58.    Defendants' violations of Plaintiff's substantive due process rights constitute violations of Plaintiff's civil rights under 42 USC §1983.

59.    It is believed that the policies and procedures outlined above are designed to cut operational costs and as a result Defendants deliberately, willfully and knowingly placed students under their care, custody and control into a dangerous environment.

60.    The outlined policies, procedures and protocols shock the conscience.

**WHEREFORE**, Plaintiff, **Nia Chaplin,** claims damages of the Defendants, individually, jointly and/or severally, for an amount in excess of Fifty-Thousand ($50,000.00) Dollars.

45.     Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs, as though fully set forth at length herein.

46.     As a direct and sole result of the aforesaid careless, reckless, and negligence of the Defendants, Plaintiff, **Nia Chaplin** sustained serious, painful and permanent orthopedic and neurological injuries.

**WHEREFORE**, Plaintiff, **Nia Chaplin,** claims damages of the Defendants, individually, jointly and/or severally, for an amount in excess of Fifty-Thousand ($50,000.00) Dollars.

## COUNT VI
## NIA CHAPLIN vs. SCHOOL DISTRICT OF PHILADELPHIA

47.     Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs, as though fully set forth at length herein.

48.     As a direct and sole result of the aforesaid careless, reckless and negligence of the Defendants, Plaintiff, **Nia Chaplin,** sustained serious, painful and permanent injuries.

**WHEREFORE**, Plaintiff, **Nia Chaplin,** claims damages of the Defendants, individually, jointly and/or severally, for an amount in excess of Fifty-Thousand ($50,000.00) Dollars.

## COUNT VII
## NIA CHAPLIN vs. JOHN DOE

49.     Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs, as though fully set forth at length herein.

50.     As a direct and sole result of the aforesaid careless, reckless and negligence of the Defendants, Plaintiff, **Nia Chaplin,** sustained serious, painful and permanent injuries.

**WHEREFORE**, Plaintiff, **Nia Chaplin**, claims damages of the Defendants, individually, jointly and/or severally, for an amount in excess of Fifty-Thousand ($50,000.00) Dollars.

## Federal Claims

51.     Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs, as though fully set forth at length herein.

Case ID: 211001928

## COUNT VIII
## NIA CHAPLIN vs. THE FRANKLIN INSTITUTE
### (42 USC §1983 –Monell Claim)

61.    Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs, as though fully set forth at length herein.

62.    As a direct and sole result of the aforesaid careless, reckless, and negligence of the Defendants, Plaintiff, **Nia Chaplin** sustained serious, painful and permanent orthopedic and neurological injuries.

**WHEREFORE**, Plaintiff, **Nia Chaplin**, claims damages of the Defendants, individually, jointly and/or severally, for an amount in excess of Fifty-Thousand ($50,000.00) Dollars.

## COUNT IX
## NIA CHAPLIN vs. FRANKLIN INSTITUTE EITC, LLC
### (42 USC §1983 –Monell Claim)

63.    Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs, as though fully set forth at length herein.

64.    As a direct and sole result of the aforesaid careless, reckless, and negligence of the Defendants, Plaintiff, **Nia Chaplin** sustained serious, painful and permanent orthopedic and neurological injuries.

**WHEREFORE**, Plaintiff, **Nia Chaplin**, claims damages of the Defendants, individually, jointly and/or severally, for an amount in excess of Fifty-Thousand ($50,000.00) Dollars.

## COUNT X
## NIA CHAPLIN vs. FRANKLIN INSTITUTE RESEARCH LABORATORY INC.
### (42 USC §1983 –Monell Claim)

65.    Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs, as though fully set forth at length herein.

66.     As a direct and sole result of the aforesaid careless, reckless, and negligence of the Defendants, Plaintiff, **Nia Chaplin** sustained serious, painful and permanent orthopedic and neurological injuries.

**WHEREFORE**, Plaintiff, **Nia Chaplin**, claims damages of the Defendants, individually, jointly and/or severally, for an amount in excess of Fifty-Thousand ($50,000.00) Dollars.

## COUNT XI
## NIA CHAPLIN vs. FRANKLIN INSTITUTE SCIENCE MUSEUM
### (42 USC §1983 –Monell Claim)

67.     Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs, as though fully set forth at length herein.

68.     As a direct and sole result of the aforesaid careless, reckless, and negligence of the Defendants, Plaintiff, **Nia Chaplin** sustained serious, painful and permanent orthopedic and neurological injuries.

**WHEREFORE**, Plaintiff, **Nia Chaplin**, claims damages of the Defendants, individually, jointly and/or severally, for an amount in excess of Fifty-Thousand ($50,000.00) Dollars.

## COUNT XII
## NIA CHAPLIN vs. DAVID WRIGLEY
### (42 USC §1983 –Monell Claim)

69.     Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs, as though fully set forth at length herein.

70.     As a direct and sole result of the aforesaid careless, reckless, and negligence of the Defendants, Plaintiff, **Nia Chaplin** sustained serious, painful and permanent orthopedic and neurological injuries.

**WHEREFORE**, Plaintiff, **Nia Chaplin**, claims damages of the Defendants, individually, jointly and/or severally, for an amount in excess of Fifty-Thousand ($50,000.00) Dollars.

## COUNT XIII
### NIA CHAPLIN vs. SCHOOL DISTRICT OF PHILADELPHIA
### (42 USC §1983 –Monell Claim)

71.     Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs, as though fully set forth at length herein.

72.     As a direct and sole result of the aforesaid careless, reckless and negligence of the Defendants, Plaintiff, **Nia Chaplin,** sustained serious, painful and permanent injuries.

**WHEREFORE**, Plaintiff, **Nia Chaplin,** claims damages of the Defendants, individually, jointly and/or severally, for an amount in excess of Fifty-Thousand ($50,000.00) Dollars.

## COUNT XIV
### NIA CHAPLIN vs. JOHN DOE
### (42 USC §1983 –Monell Claim)

73.     Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs, as though fully set forth at length herein.

74.     As a direct and sole result of the aforesaid careless, reckless and negligence of the Defendants, Plaintiff, **Nia Chaplin,** sustained serious, painful and permanent injuries.

**WHEREFORE**, Plaintiff, **Nia Chaplin,** claims damages of the Defendants, individually, jointly and/or severally, for an amount in excess of Fifty-Thousand ($50,000.00) Dollars.

## PARENT CLAIMS

75.     Plaintiffs incorporate herein by reference thereto, the preceding paragraphs, inclusive, as fully as though the same were hereinafter set forth at length.

76.     As a further result of the incident, Parent, **Lynette Chaplin,** has been obliged to expend various and diverse sums of money for medical treatment, rehabilitation, medicines and medical care, in and about an effort to cure her child, **Nia Chaplin,** of the severe injuries and/or trauma which she sustained, and she will be obliged to continue to make such expenditures for an indefinite time in the future, all to her continuing detriment and loss.

Case ID: 211001928

77.     As an additional result of the Plaintiff, **Nia Chaplin's** injuries, the earnings of said minor child will and/or may be impaired during the age of her minority, to which Plaintiff, **Lynette Chaplin,** individually and as Parent and Natural Guardian is legally entitled and claim for which is therefore hereby made.

78.     As a further result of this incident which was caused by the negligence of the Defendants, Plaintiff, **Lynette Chaplin,** has been obliged to expand various sums of money for medical attention, medical care, therapy, counseling, and medical treatment and to incur diverse medical charges and other medical, diagnostic and hospital expenses for the severe injuries which Plaintiff, **Nia Chaplin,** has suffered.

79.     As a further result of the incident and the injuries sustained by Plaintiff, **Nia Chaplin,** Plaintiff, **Lynette Chaplin**, have suffered the following injuries and damages:

> a.      emotional distress in seeing her child not developing normally as she would have;
>
> b.      loss of life's enjoyment and pleasures;
>
> c.      having to expend monies for various types of therapy to aid in minor-plaintiff's development;
>
> d.      severe stress and anxiety;
>
> e.      expend monies to monitor or watch the child throughout her life;
>
> f.      humiliation; and
>
> g.      embarrassment.

80.     As a direct and sole result of the incident, Plaintiff, **Lynette Chaplin,** had to incur other financial expenses, medical bills, and/or other losses which do or may exceed amounts which she/he may otherwise be entitled to recover, as well as further non-economic losses, all of which are recoverable.

## COUNT XV
## LYNETTE CHAPLIN vs.  THE FRANKLIN INSTITUTE

81.     Plaintiffs incorporate herein by reference thereto, the preceding paragraphs, inclusive, as fully as though the same were hereinafter set forth at length.

Case ID: 211001928

82.     As a result of the aforementioned negligence, recklessness and carelessness of the Defendants, Plaintiff, **Lynette Chaplin,** has sustained compensable damages.

**WHEREFORE**, Plaintiff, **Lynette Chaplin,** claims damages of the Defendants, individually, jointly and/or severally, for an amount in excess of Fifty Thousand Dollars ($50,000.00) including punitive damages, exclusive of interest and costs pursuant to Pennsylvania Rule of Civil Procedure §238.

**COUNT XVI**
**LYNETTE CHAPLIN vs.  FRANKLIN INSTITUTE EITC, LLC**

83.     Plaintiffs incorporate herein by reference thereto, the preceding paragraphs, inclusive, as fully as though the same were hereinafter set forth at length.

84.     As a result of the aforementioned negligence, recklessness and carelessness of the Defendants, Plaintiff, **Lynette Chaplin,** has sustained compensable damages.

**WHEREFORE**, Plaintiff, **Lynette Chaplin,** claims damages of the Defendants, individually, jointly and/or severally, for an amount in excess of Fifty Thousand Dollars ($50,000.00) including punitive damages, exclusive of interest and costs pursuant to Pennsylvania Rule of Civil Procedure §238.

**COUNT XVII**
**LYNETTE CHAPLIN vs.  FRANKLIN INSTITUTE RESEARCH LABORATORY INC.**

85.     Plaintiffs incorporate herein by reference thereto, the preceding paragraphs, inclusive, as fully as though the same were hereinafter set forth at length.

86.     As a result of the aforementioned negligence, recklessness and carelessness of the Defendants, Plaintiff, **Lynette Chaplin,** has sustained compensable damages.

**WHEREFORE**, Plaintiff, **Lynette Chaplin,** claims damages of the Defendants, individually, jointly and/or severally, for an amount in excess of Fifty Thousand Dollars ($50,000.00) including punitive damages, exclusive of interest and costs pursuant to Pennsylvania Rule of Civil Procedure §238.

## COUNT XVIII
## LYNETTE CHAPLIN vs.  FRANKLIN INSTITUTE SCIENCE MUSEUM

87.      Plaintiffs incorporate herein by reference thereto, the preceding paragraphs, inclusive, as fully as though the same were hereinafter set forth at length.

88.      As a result of the aforementioned negligence, recklessness and carelessness of the Defendants, Plaintiff, **Lynette Chaplin,** has sustained compensable damages.

**WHEREFORE**, Plaintiff, **Lynette Chaplin,** claims damages of the Defendants, individually, jointly and/or severally, for an amount in excess of Fifty Thousand Dollars ($50,000.00) including punitive damages, exclusive of interest and costs pursuant to Pennsylvania Rule of Civil Procedure §238.

## COUNT XIX
## LYNETTE CHAPLIN vs.  DAVID WRIGLEY

89.      Plaintiffs incorporate herein by reference thereto, the preceding paragraphs, inclusive, as fully as though the same were hereinafter set forth at length.

90.      As a result of the aforementioned negligence, recklessness and carelessness of the Defendants, Plaintiff, **Lynette Chaplin,** has sustained compensable damages.

**WHEREFORE**, Plaintiff, **Lynette Chaplin,** claims damages of the Defendants, individually, jointly and/or severally, for an amount in excess of Fifty Thousand Dollars ($50,000.00) including punitive damages, exclusive of interest and costs pursuant to Pennsylvania Rule of Civil Procedure §238.

## COUNT XX
## LYNETTE CHAPLIN vs.  SCHOOL DISTRICT OF PHILADELPHIA

91.      Plaintiffs incorporate herein by reference thereto, the preceding paragraphs, inclusive, as fully as though the same were hereinafter set forth at length.

92.      As a result of the aforementioned negligence, recklessness and carelessness of the Defendants, Plaintiff, **Lynette Chaplin,** has sustained compensable damages.

**WHEREFORE**, Plaintiff, **Lynette Chaplin,** claims damages of the Defendants, individually, jointly and/or severally, for an amount in excess of Fifty Thousand Dollars ($50,000.00) including punitive damages, exclusive of interest and costs pursuant to Pennsylvania Rule of Civil Procedure §238.

Case ID: 211001928

## COUNT XXI
## LYNETTE CHAPLIN vs. JOHN DOE

93.     Plaintiffs incorporate herein by reference thereto, the preceding paragraphs, inclusive, as fully as though the same were hereinafter set forth at length.

94.     As a result of the aforementioned negligence, recklessness and carelessness of the Defendants, Plaintiff, **Lynette Chaplin,** has sustained compensable damages.

**WHEREFORE,** Plaintiff, **Lynette Chaplin,** claims damages of the Defendants, individually, jointly and/or severally, for an amount in excess of Fifty Thousand Dollars ($50,000.00) including punitive damages, exclusive of interest and costs pursuant to Pennsylvania Rule of Civil Procedure §238.

**LOUIS B. HIMMELSTEIN & ASSOCIATES, P.C.**

By: /s/ Louis B. Himmelstein
     LOUIS B. HIMMELSTEIN, ESQUIRE
     Attorneys for Plaintiff

DocuSign Envelope ID: FE921540-DE14-4641-AC58-387854CA8DE4

## VERIFICATION

Filed and Attested by the
Office of Judicial Records

The undersigned, hereby deposes and says that the facts set forth in the attached pleading, are true pm

and correct to the best of my knowledge, information and belief; and I realize that statements made herein

are subject to the penalties of 18 Pa. C.S. Section 4904, relating to unsworn falsification to authorities.

DocuSigned by:

_Lynette Chaplin_

7CA4DD7F8491437...

Case ID: 211001928

**EXHIBIT B**

**IN THE UNITED STATES DISTRICT COURT
FOR EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| NIA CHAPLIN and LYNETTE CHAPLIN, ) | CIVIL ACTION |
| ) | |
| Plaintiff, ) | NO. |
| ) | |
| v. ) | |
| ) | |
| THE FRANKLIN INSTITUTE, FRANKLIN ) | |
| INSTITUTE EITC, LLC, FRANKLIN ) | |
| INSTITUTE RESEARCH LABORATORY INC., ) | |
| FRANKLIN INSTITTUTE SCIENCE MUSEUM, ) | |
| DAVID WRIGLEY, SCHOOL DISTRICT OF ) | |
| PHILADELPHIA and JOHN DOE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**CONSENT TO REMOVAL
BY SCHOOL DISTRICT OF PHILADELPHIA**

Defendant, School District of Philadelphia, a Pennsylvania corporation with a principal

place of business located at 440 N Broad St, Philadelphia, PA 19130, consents to removal of this

civil action from the Court of Common Pleas of Philadelphia County to the United States District

Court for the Eastern District of Pennsylvania.

Dated: November 16, 2021          **THE SCHOOL DISTRICT OF PHILADELPHIA**

By: _____

Colin Haviland, Senior General Counsel for
School District of Philadelphia

## CERTIFICATE OF SERVICE

I do hereby certify that service of a true and correct copy of the foregoing document was e-filed via the ECF System (which is available for public viewing and printing) and has thus been served this day upon all counsel of record.

Dated:  November 2, 2021                   **POST & SCHELL, P.C.**

By:  _____
Richard B. Wickersham, Jr., Esquire